UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANEK JOHN PAWLIK,<br><br>    Plaintiff,<br><br>v.<br><br>AMC ENTERTAINMENT HOLDINGS, INC.,<br><br>    Defendant. | Case No. 3:18-cv-01301<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Newbern |

### MEMORANDUM ORDER

The referral order in this civil action authorizes the Magistrate Judge to oversee service of process on the defendant. (Doc. No. 6.) It appears that pro se Plaintiff Janek John Pawlik has attempted to serve Defendant AMC Entertainment Holdings, Inc. (AMC) by mail. (Doc. No. 8.) For the reasons that follow, neither the proof of service that has been filed nor the method of service employed appear to comply with applicable federal and state rules. Pawlik is therefore ORDERED to complete service in compliance with Federal Rule of Civil Procedure 4 as outlined below by April 10, 2019.

**I.**  **Background**

On November 20, 2018, Pawlik filed a pro se complaint alleging that AMC violated Title III of the Americans with Disabilities Act (ADA) by failing to "install[] handicap buttons in order to enter or exit the main entry locations" at "the recently acquired Carmike Cinemas . . . ." (Doc. No. 1, PageID# 4.) The Clerk issued a summons to AMC on November 20, 2018. (Doc. No. 5.) On December 12, 2018, Pawlik filed a copy of the summons, a blank proof of service form, and a U.S. Mail return receipt. (Doc. No. 7, PageID# 22–24.) The return receipt shows that an article of

mail addressed to AMC at "One AMC Way, 11500 Ash Street, Leawood[,] Kansas 66211" was delivered on November 26, 2018, and signed for by "Zoe Godwin[.]" (*Id.* at PageID# 24.) Pawlik's own name and address appear in the box designated for the sender's contact information. (*Id.*)

II.     Analysis

    A.     **Proof of Service**

Federal Rule of Civil Procedure 4(l) requires that, "[u]nless service is waived," and "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l). Pawlik has not filed an affidavit to prove service on AMC. The document Pawlik has filed is not signed and it is not "a 'sworn statement in writing made . . . under an oath or on affirmation before . . . an authorized officer.'" *Sfakianos v. Shelby Cty. Gov't*, 481 F. App'x 244, 245 (6th Cir. 2012) (quoting *Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990)). Nor is it verified in a way that would make it a valid substitute for an affidavit. *See* 28 U.S.C. § 1746(2) (explaining that, whenever federal law requires that a mater be proved by affidavit, that matter may also be proved through use of the following, or substantially similar, language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)").

Even if the document Pawlik filed could be construed as an affidavit, it would still be insufficient to prove service because (1) it is not clear whether the complaint in this action was served with the summons; and (2) Pawlik, as a party to this lawsuit, cannot also be the process server. *See* Fed. R. Civ. P. 4(c)(1)–(2); *Christian v. Delta Airlines*, No. 2:16-cv-02672, 2017 WL 9440784, at *2 (W.D. Tenn. June 9, 2017).

B. **Method of Service**

While "[f]ailure to prove service does not affect the validity of service[,]" it is not apparent from the record as it now stands that Pawlik has actually served AMC in compliance with the applicable rules. Fed. R. Civ. P. 4(l)(3). The Federal Rules of Civil Procedure do not permit service of a corporation by mail alone. *See, e.g.*, *Walker v. Brooke Corp.*, No. 08-cv-14574, 2009 WL 1689653, at *2 (E.D. Mich. June 17, 2009). Instead, Rule 4(h) provides two acceptable methods for serving corporate defendants like AMC. First, Rule 4(h) provides that service on a domestic or foreign corporation in a United States judicial district may be accomplished

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1)(B). Courts interpreting this rule have held that "delivery means personal delivery, not service by mail." *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-, 2016 WL 7368595, at *3 (M.D. Tenn. Dec. 20, 2016), *adopted by* 2017 WL 10399393 (M.D. Tenn. May 25, 2017). Here, there is no indication that Pawlik caused a copy of the summons and complaint to be personally delivered to an authorized individual. Rule 4(h)(1)(B) is therefore not satisfied. The second method of service under Rule 4(h) allows for service of a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual . . . ." Fed. R. Civ. P. 4(h)(1)(A). That method of service involves "following state law for serving a summons . . . in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). Accordingly, in this action, Pawlik may serve AMC in accordance with either Tennessee or Kansas law.

The Tennessee Rules of Civil Procedure allow for service of an out-of-state corporation by mail in certain circumstances, but Pawlik has not shown that those circumstances are satisfied here. *See* Tenn. R. Civ. P. 4.05(1)(a) (allowing service on an out-of-state defendant by any form of

service authorized under Rule 4.04); Tenn. R. Civ. P. 4.04(10) (authorizing service by mail under certain circumstances). For example, Tennessee Rule of Civil Procedure 4.03(2) requires a party attempting service by mail to file with the clerk "the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and[] the return receipt . . . ." Tenn. R. Civ. P. 4.03(2). Again, Pawlik has not filed an affidavit regarding service. Moreover, Tennessee Rule 4.03(2) provides that service by mail is only complete "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute . . . ." *Id.*; *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[] may sign the return receipt"). There is no indication that Zoe Godwin is designated to receive service of process for AMC under either Tennessee Rule 4.04 or by statute. Pawlik therefore has not shown that he served AMC in compliance with Tennessee law.

> Kansas law provides that
>
> [s]ubstantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property.

Kan. Stat. Ann. § 60-204. Here, there is no indication that AMC is aware of this pending proceeding. The return receipt that Pawlik filed shows only that he sent an item of mail to an AMC address in Leawood, Kansas, and that a person whose position and relationship to AMC is unknown signed for that piece of mail.

Consequently, Pawlik has not yet carried his burden to establish that his attempted service on AMC is valid. *See DASFortus Techs., LLC v. Precision Prods. Mfg. Co., Ltd. (Hong Kong)*, No. 3:07-cv-0866, 2008 WL 11388115, at *3 (M.D. Tenn. Nov. 10, 2008) ("The party that has attempted service bears the burden of establishing that service was, indeed, valid.").

### C. Time for Service

There is a second service-related problem in this case arising out of Rule 4's mandate that "[a] summons must be served with a copy of the complaint[,]" Fed. R. Civ. P. 4(c)(1), and that such service must occur "within 90 days after the complaint is filed," Fed. R. Civ. P. 4(m). Pawlik filed his complaint on November 20, 2018, and the period for service has now passed. Therefore, under Rule 4(m), "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against th[e] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *Id.*; Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment; *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). In light of Pawlik's pro se status, and what appears to be a good faith effort to effect service, the Court will exercise its discretion and afford Pawlik additional time to serve AMC.

### III. Conclusion

Pawlik is therefore ORDERED to complete service in compliance with Federal Rule of Civil Procedure 4 and to file proof of that service by April 10, 2019. Pawlik is forewarned that failure to obtain service by that date will likely result in a recommendation that this case be dismissed without prejudice.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge